## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH
## 3:22-cv-282-RGJ

| | |
|---|---|
| BRIDAL WAREHOUSE, INC., | ) |
| McCANDLESS AND COMPANY LLC, | ) |
| And | ) |
| WILDCAT VENTURE PROS, LLC | ) |
|     ***PLAINTIFFS*** | ) |
| | ) |
| VS. | ) |
| | ) |
| FRANKENMUTH MUTUAL | ) |
| INSURANCE COMPANY | ) |
|     ***DEFENDANT*** | ) |

## DEFENDANT'S MOTION TO TRANSFER VENUE
## PURSUANT TO FRCP 12(b)(3)

Comes the Defendant, Frankenmuth Mutual Insurance Company, by and through counsel, and hereby moves the Honorable Court to Transfer Venue of this matter pursuant to FRCP 12(b)(3) from the Western District at Paducah to the Western District at Bowling Green. As grounds for same, the Defendant states as follows:

In this matter, all three Plaintiffs purchased a policy of commercial insurance from Defendant Frankenmuth Mutual Insurance Company ("Frankenmuth"). Each of the Plaintiffs own commercial property located in Elizabethtown, Hardin County, Kentucky. Each of the Plaintiffs claim their respective commercial property located in Elizabethtown, Hardin County, Kentucky sustained property damage as a result of a winter store and that such property damage should have been indemnified under their respective Frankenmuth insurance policy.

According to the Complaint, Plaintiff Bridal Warehouse, Inc. has a principal place of business in Elizabethtown, Hardin County, Kentucky. (¶1)  Bridal Warehouse owns property

located at 1201 North Dixie Avenue in Elizabethtown. (¶1)  A copy of the Bridal Warehouse insurance policy was attached as Exhibit 1 to the Complaint and identifies the insured property as being located in Elizabethtown, Kentucky.  It further identifies the insurance agent who procured the Frankenmuth policy for Bridal Warehouse as Bluegrass Insurance Services LLC located in Elizabethtown, Kentucky.

According to the Complaint, Plaintiff McCandless and Company LLC has a principal place of business in Elizabethtown, Hardin County, Kentucky. (¶2)  The sole member of McCandless is a resident of Elizabethtown, Hardin County, Kentucky. (¶2)  McCandless owns property located at 1205 North Dixie Avenue in Elizabethtown. (¶2)  A copy of the McCandless insurance policy was attached as Exhibit 2 to the Complaint and identifies the insured property as being located in Elizabethtown, Kentucky.  It further identifies the insurance agent who procured the Frankenmuth policy for McCandless as Curneal & Hignite Insurance, Inc. located in Elizabethtown, Kentucky.

According to the Complaint, Plaintiff Wildcat Venture Pros, LLC has a principal place of business in Elizabethtown, Hardin County, Kentucky. (¶3)  Wildcat Venture has three members, all of which are residents of Elizabethtown, Hardin County, Kentucky. (¶3)  Wildcat Venture owns property located at 912 North Dixie Avenue in Elizabethtown. (¶3)  A copy of the Wildcat Venture insurance policy was attached as Exhibit 3 to the Complaint and identifies the insured property as being located in Elizabethtown, Kentucky.  It further identifies the insurance agent who procured the Frankenmuth policy for Wildcat Venture as Curneal & Hignite Insurance, Inc. located in Elizabethtown, Kentucky.

In short, all of the Plaintiffs are residents of Hardin County, Kentucky.  The properties that are the subject of this litigation are all located in Hardin County, Kentucky.  The insurance agents who procured the policies and placed the coverage with Frankenmuth are all located in Hardin

County, Kentucky. All of the events, evidence, and witnesses are located in Hardin County, Kentucky. While Hardin County, Kentucky is located in the Western District of Kentucky, is not located in the Western District of Kentucky at Paducah. Instead, it is located in the Western District of Kentucky at Bowling Green making Bowling Green the proper venue for this lawsuit.

This action was initially filed in federal court and thus 28 U.S.C. §1391 is the statute that grants and covers venue. 28 U.S.C. §1391 states as follows:

> **(a) Applicability of section.**--Except as otherwise provided by law--
> **(1)** this section shall govern the venue of all civil actions brought in district courts of the United States; and
> **(2)** the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature.
>
> **(b) Venue in general.**--A civil action may be brought in--
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.
>
> **(c) Residency.**--For all venue purposes--
> **(1)** a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled;
> **(2)** an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business; and
> **(3)** a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants.

Based upon the facts of this case and the application of 28 U.S.C. §1391, there is no question that venue lies in the Western District of Kentucky at Bowling Green as Elizabethtown, Hardin County, Kentucky lies within the Western District of Kentucky at Bowling Green.

Defendant does not seek to dismiss this litigation as the appropriate remedy is to transfer to the matter to the proper venue. But Defendant is entitled to have this matter proceed in the correct division of the Western District and merely seeks a transfer to Bowling Green from Paducah.

Pursuant with FRCP 12(b), a motion based upon improper venue may be made prior to filing a responsive pleading to the complaint. Defendant brings this motion in lieu of an answer, and seeks to have venue transferred to the Western District of Kentucky at Bowling Green.

WHEREFORE, the Defendant Frankenmuth Mutual Insurance Company respectfully requests the Court to SUSTAIN its Motion to Transfer Venue, in lieu of Answer, to the Western District of Kentucky at Bowling Green. The Defendant further requests the Court to grant the Defendant twenty (20) days to file its Answer upon the Court's ruling on this motion.

        Respectfully submitted,

        CASEY BAILEY & MAINES, PLLC
        3151 Beaumont Centre Circle, Ste. 200
        Lexington, Kentucky 40513
        Telephone: (859) 243-0228
        Facsimile: (859) 243-0528
        Email: smaines@cbmlaw.net

By:   /s/__Susan L. Maines_____
        SUSAN L. MAINES

## **CERTIFICATE OF SERVICE**

  This is to certify that the foregoing was electronically filed with the Clerk of the U.S. District Court by using the CM/ECF system, which will send a notice of electronic filing to the following on this the 10th day of August, 2022:

Clinton H. Scott
McWherter Scott Bobbitt PLC
54 Exeter Road, Suite D
Jackson, TN  38305

            /s/  *Susan L. Maines*
            SUSAN L. MAINES